### CONSTAM v. HALEY.

### In re THE HUB.

(Circuit Court of Appeals, Sixth Circuit. June 13, 1913.)

### No. 2,346.

1. APPEAL AND ERROR (§ 1094*)—FINDINGS—REVIEW.

A finding of fact made and sustained by two different tribunals will not be set-aside on appeal, unless there is a demonstration of mistake.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4322–4352; Dec. Dig. § 1094.*]

2. BANKRUPTCY (§ 166*) — PREFERENCE — INSOLVENCY — NOTICE — NOTICE TO AGENTS.

Where payees of a note against a bankrupt assigned it to claimant, and after maturity claimant intrusted it to the payees' credit man, who made a trip to see the bankrupt, and was advised of facts sufficient to give him reasonable cause to believe that insolvency existed, after which several payments were obtained, he was claimant's agent for the collection of the note, and claimant was charged with notice of the facts which such agent did or could have ascertained.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–253, 255–258; Dec. Dig. § 166.*]

3. BANKRUPTCY (§ 166*)—PAYMENT—PREFERENCES—KNOWLEDGE OF AGENT.

Where an agent was intrusted with a note against the bankrupt to collect or adjust for the holder, and the agent, on his trip, obtained notice of facts which would indicate the maker's insolvency, the holder was not only charged with notice thereof as to payments obtained by the agent, but also with reference to subsequent payments made by the bankrupt direct to the holder.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 250–253, 255–258; Dec. Dig. § 166.*]

Appeal from the District Court of the United States for the Eastern District of Tennessee;. Edward T. Sanford, Judge.

From an order requiring claimant, Isaac Constam, to return certain alleged preference payments to J. M. Haley, as trustee of the estate of The Hub, bankrupt, as a condition to claimant's right to prove his claim, he appeals. Affirmed.

J. S. Fletcher, of Chattanooga, Tenn. (Strang & Fletcher, of Chattanooga, of counsel), for appellant.

P. V. Connolly, of Cincinnati, Ohio, and Chas. C. Moore, of Chattanooga, Tenn., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DENISON, Circuit Judge. The question for decision here is whether the payments which Constam received and indorsed on his note against the bankrupt within four months before the bankruptcy were received with such reasonable cause to believe that they would effect a preference that they must be repaid to the trustee before Constam can prove his claim. Sections 57g, 60b, Bankr. Act (Act July 1, 1898, c. 541, 30 Stat. 560, 562 [U. S. Comp. St. 1901, pp. 3443, 3445]). Such payment was required by the referee, and on petition for review the district judge affirmed the referee. Constam appeals. We find only two distinct questions presented: (1) Did Constam, through his agent, and before receiving the first of the payments in question, have reasonable cause to believe that the debtor was insolvent and that payments would effect a preference; and, if so, (2) what was the effect of that notice upon later payments not coming directly through this agency?

[1] 1. The first question is one of fact. Appellant finds against him the concurring decisions of two successive tribunals which have heard his case; and such concurring conclusions raise a strong presumption of their correctness. They will be overturned only in cases where there is a demonstration of mistake. Wabash Ry. Co. v. Compton (C. C. A. 6th Cir.) 172 Fed. 17, 21, 96 C. C. A. 603; and see Haines v. Bank (C. C. A. 6th Cir.) 203 Fed. 225.

[2] We have considered the arguments urged by appellant's counsel and all parts of the testimony cited in that connection, and we think the utmost conclusion to which they may properly lead is that the matter is doubtful, and that, if the conclusion of the trial court had been the other way, it would have been well supported by the evidence. This is not enough; it is a very different thing from being satisfied that the conclusion below was wrong. Constam lived in Baltimore. He had purchased the note from Schloss Bros. & Co., the payees. After the maturity and nonpayment of his note he gave it to Schloss Bros. & Co., and they intrusted it to Caston, their "credit man," to take to Chattanooga, where the debtor was in business, and to collect or adjust. Caston's Chattanooga trip was, primarily, in the interest of his regular employer, but he was at the same time in this transaction authorized to represent and act for Constam. Caston's activity resulted in the making, at that time or shortly afterwards, of the first two or three of the payments now in question. We think it fairly inferable from all the facts and circumstances which it would be unprofitable to recount that Caston, on this occasion, learned enough of the actual situation to give him reasonable cause to believe that insolvency existed. His categorical denial of such knowledge cannot control the situation, nor conclusively rebut the presumption that a man of his skill and experience in such situations would draw the inferences which the circumstances justified.

[3] 2. At a later period, and after a considerable interval, others of the payments in question were made by the bankrupt directly to Constam; and it is claimed that he was chargeable with no notice of the situation, except such as resulted through the knowledge acquired by Caston while acting as Constam's agent, and that these later pay-

ments came as the direct result of Constam's personal demands, and without any cause and effect relation to Caston's earlier agency. The record does not justify us in assuming the accuracy of these claims, as against the import of the findings of the referee and the district judge. Though Schloss Bros. & Co. had not indorsed the note, they regarded themselves as morally bound to see that it was paid; and, no doubt, Constam continually put some reliance upon this obligation. Some of the later payments were made to and through Schloss Bros. & Co. It is not clear that their collecting agency ever ceased, or that any one of the payments made directly from the bankrupt to Constam was wholly disconnected from the original agency and continuing efforts by Caston and by Schloss Bros. & Co. to get full payment of this note. Under such circumstances, it is unnecessary to determine what the rule would be if the later payments in question were quite independent of connection with the agency.

However, if we may assume, for the purposes of this opinion, the accuracy of these claims by Constam, we reach the same result. The theory which his counsel urges us to apply, viz., that constructive notice to the principal, resulting from actual notice to the agent, will not be imputed to the principal afterwards acting for himself, is thought to be based upon Blackburn v. Vigors, L. R., 12 App. Cas. 531. Although there is analogy between the relation to each other of the earlier and later transactions there had and the relation to each other of the earlier and later payments here involved, yet we think that case finally depends upon its finding that the agency was peculiarly limited in character. As was there said, the agent was employed to effect insurance, not to "get information." In the instant case Caston's employment and duty were relatively general in scope. It was his duty to do whatever was for Constam's interest, and to acquire and communicate to Constam all he could learn about the debtor's pecuniary condition. It must be presumed that he performed that duty, and hence comes the necessary imputation that his principal then had knowledge of the insolvency. Thomson-Houston Co. v. Capitol Co. (C. C. A. 6) 65 Fed. 341, 343, 12 C. C. A. 643; American Nat'l Bk. v. Miller (C. C. A. 6) 185 Fed. 338, 343, 107 C. C. A. 456. It seems of necessity to follow that the notice which the law declares Constam then received must have remained with him and continued to operate upon him with full force in his further conduct of the same subject-matter, even after the termination of the agency through which the notice was derived. It was not merely that knowledge of an agent which burdens a benefit received through the agent and goes no farther, as was the case with reference to the earlier one of the two insurance policies mentioned in Blackburn v. Vigors, and a recovery upon which was denied in Blackburn v. Haslam, L. R., 21 Q. B. 144. Reading these Blackburn cases together, their net result was not made to turn so much upon the duty of the agent to inform his principal, thus imputing notice, as upon the agent's duty to disclose all the facts which he knew to the third party whom he approached; and they are not inconsistent with the continued operation and effect of that notice which the law has once imputed to the principal.

It follows that the order of the court below must be affirmed. An undue expansion of the record seems to have resulted from appellee's insistence, and the affirmance will not only be without costs, but the appellant will recover the cost of printing 100 pages of the record, and the fees of the clerk below for so much of the transcript.